J-A21030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD E. EMARIEVEBE | : | |
| | : | |
| Appellant | : | No. 361 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 8, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003424-2017

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:  **FILED OCTOBER 28, 2019**

Appellant, Clifford E. Emarievebe, appeals from the judgment of sentence entered on November 8, 2018, as made final by the denial of a post-sentence motion on December 28, 2018, following his jury trial convictions of involuntary deviate sexual intercourse with a child,[1] indecent assault,[2] and endangering the welfare of children.[3]  We affirm.

The facts of this case are as follows.  In April 2016, Appellant moved from Nigeria to Chester, Pennsylvania, where he lived with his then wife, M.M., and her ten-year-old daughter, E.T. ("the Victim").  N.T. Trial, 6/27/18, at 94-95.  The pair later separated in June.  *Id.* at 171 and 173.  Even though

---

[1] 18 Pa.C.S.A. § 3123(b).

[2] 18 Pa.C.S.A. § 3126(a)(7).

[3] 18 Pa.C.S.A. § 4304(a)(1).

Appellant moved out of the martial residence, he sometimes drove M.M. to work and then returned to the Victim's home. *Id.* at 173. It was during this time that Appellant sexually abused the Victim. *Id.* at 55.

In March 2017, the Victim told school officials that Appellant sexually abused her. Trial Court Opinion, 4/5/19, at 2. The school then called M.M., and after she inquired as to what occurred, the Victim "told her that [Appellant] was touching her." *Id.* On March 27, 2017, Officer Chris Senkow came to talk to the Victim. *Id.* During this conversation, the Victim relayed that Appellant had touched her "at least five times in the last month" and "described the details of three of those incidents." *Id.* Specifically, the Victim reported that, "Appellant inserted his penis in her mouth[,] [Appellant] put his hand down her pants and penetrated her vagina with his finger," and lastly, Appellant "put his penis in [the Victim's] anus." *Id.* at 5.

Appellant's jury trial commenced June 27, 2018. The trial court recounted the Victim's trial testimony explaining the sexual abuse as follows.

> [On June 27, 2018 the Victim] took the stand to testify. Consistent with what had been relayed to Officer [] Senkow, as well as [during her forensic interview with] Jodi Kaplan, [the Victim] testified that [Appellant] [] usually "did stuff" to her when her mother went to work. During one incident, [] Appellant told [the Victim] that he wanted to touch her "right there." [The Victim] did not know the medical term for that part of her body, but referred to it as her "swimsuit area." She next described an incident where Appellant drove her to and from her friend's birthday party in mid-February 2017. She stated that he touched her thigh, asked "do you love me," and kissed her on the lips. The next episode she described was where [A]ppellant rubbed her "swimsuit area" while she laid on a pull-out couch in the basement. One of the more detailed scenarios [the Victim]

described was where she was watching television in the living room with Appellant and her brother. Appellant sent her brother upstairs then put his hand on [the Victim's] head and made her "suck his private parts." She said that experience "felt weird." He then bent her over the couch and put his "private parts" in her "butt." []

*Id.* at 4. Near the end of the Victim's direct-examination, the Commonwealth sought to admit into evidence an entry from the Victim's journal. N.T. Trial, 6/27/18, at 80-88. Appellant's trial counsel objected on the grounds of hearsay. *Id.* at 82. After argument, the trial judge admitted only the second paragraph of the journal entry where the Victim wrote that she "was assauted [*sic*] by somebody." *Id.* at 88-89; *see* Commonwealth's Exhibit 2. The trial court determined that the statement met the recorded recollection exception to hearsay. *Id.*

On June 29, 2018, Appellant was found guilty of involuntary deviate sexual intercourse with a child, indecent assault, and endangering the welfare of children. Trial Court Opinion, 4/5/19, at 6. On November 8, 2018, "Appellant was sentenced to an aggregate term of 96 months to 192 months of incarceration and was required to register as a Tier 3 SORNA[4] registrant." *Id.* On November 16, 2018, Appellant filed a *pro* se motion for reconsideration of sentence. Appellant's *Pro Se* Motion for Reconsideration of Sentence, 11/16/18, at 1-5. On November 20, 2018, the Commonwealth filed a motion for reconsideration and modification of sentence. Commonwealth's Motion for

---

[4] Sexual Offender Registration and Notification Act, 42 Pa. C.S.A. § 9799.10. *et seq*.

Reconsideration and Modification of Sentence, 11/20/18, at 1-3. The trial court denied both motions on December 28, 2018. Trial Court's Order, 12/28/18, at 1; Trial Court's Order 12/28/18, at 1. This timely appeal followed.[5]

Appellant raises the following issue on appeal:

I.     Whether the trial court committed reversible error when it admitted evidence of the complainant's journal entry [] [when it] did not qualify under the recorded recollection hearsay exception?

Appellant's Brief at 4.

We have explained:

Our standard of review over evidentiary rulings requires us to determine whether the trial court abused its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Henkel***, 938 A.2d 433, 440 (Pa. Super. 2007) (internal citations omitted).

Appellant alleges that the trial court erred by admitting the Victim's journal entry because it is "unquestionably hearsay under Rule 801(c)," and

_____

[5] Appellant filed a notice of appeal on December 6, 2018. On December 14, 2018, the trial court filed an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). After securing an extension from the trial court, Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 5, 2019.

"does not meet the requirements of Rule 803.1(3)." Appellant's Brief at 12 and 14. We agree.

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). The Victim's journal entry constitutes hearsay. The only portion admitted into evidence explicitly stated that the Victim "was assauted [*sic*] by somebody." N.T. Trial, 6/27/18, at 88-89; **see** Commonwealth's Exhibit 2. This is exactly what the Commonwealth sought to prove. Because the statement made in the Victim's journal was offered for the truth of the matter asserted, it is inadmissible as hearsay unless it falls within an exception "provided by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802.

The Pennsylvania Rules of Evidence outline various exceptions to the prohibition against hearsay. Pursuant to Rule 803.1, certain hearsay statements are admissible if the declarant also testifies at trial. **See** Pa.R.E. 803.1. In this case, the trial court admitted the journal entry under the recorded recollection exception. **See** Pa.R.E. 803.1(3). In order for the content of a writing to be admissible as a recorded recollection, "the proponent must lay a foundation to show that four requirements are met: '1) the witness must have had firsthand knowledge of the event; 2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it; 3) the witness must lack a present recollection of the event; and 4) the witness must vouch for

the accuracy of the written memorandum.'" ***Commonwealth v. Cooley***, 398 A.2d 637, 641 (Pa. 1979), *quoting* McCormick, Evidence § 299 (2d Ed. 1972).

In this case, the Commonwealth failed to lay the proper foundation for the Victim's journal entry's admission as a recorded recollection. During trial, the Victim testified for the Commonwealth, during which she provided "clear and consistent testimony." Trial Court Opinion, 4/5/19, at 11. Indeed, the Victim never once stated that she lacked a present recollection of the incidents with Appellant. ***Cooley***, 398 A.2d at 641. Furthermore, the Victim did not testify that the journal entry accurately reflected her knowledge at the time it was made. ***See*** Pa.R.E. 803.1(3)(c). Accordingly, the trial court erred in admitting the journal entry under this hearsay exception.

We now consider whether the journal entry could be properly admitted pursuant to an alternate theory. The Commonwealth invokes the "right-for-any-reason" doctrine, and argues that the journal entry was admissible under Pa.R.E. 613(c). Commonwealth's Brief at 13. "According to the 'right-for-any-reason' doctrine, appellate courts are not limited by the specific grounds raised by the parties or invoked by the court under review, but may affirm for any valid reason appearing as of record." ***Commonwealth v. Fant***, 146 A.3d 1254, 1265 n.13 (Pa. 2016).

Herein, even if this Court could invoke the "right-for-any-reason" doctrine, Rule 613(c) is inapplicable in this instance. The rule states, in relevant part, the following:

(c) **Witness's Prior Consistent Statement to Rehabilitate**. Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:

(1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose[.]

Pa.R.E. 613(c).

The Commonwealth argues that the admission of the Victim's journal "is consistent with [Rule 613(c)]." Commonwealth's Brief at 13. In support of its argument, the Commonwealth asserts that Appellant's trial counsel "expressly charged the [V]ictim with fabrication" on cross-examination and also, "insinuated that the [V]ictim had been improperly induced to fabricate her testimony by her mother." *Id.* at 13-14. This, per the Commonwealth, renders the journal entry admissible "as a prior consistent statement to rehabilitate [the Victim's] testimony." *Id.* We disagree.

Importantly, Rule 613(c) contains two specific timing requirements. First, Rule 613(c) permits the introduction of a prior consistent statement only after an express or implied impeachment. *Id.* Thus, a prior consistent statement is generally only admissible after cross-examination. ***Commonwealth v. Cook***, 952 A.2d 594, 625 (Pa. 2008). "Occasionally, however, [when] it is clear before cross-examination that the defense will focus on impeachment of the witness" the trial court "is afforded discretion to admit the prior consistent statement in anticipation of impeachment." ***Id.***

Second, Rule 613(c) requires the prior consistent statement predate "the alleged motive to lie." *Commonwealth v. Bond*, 190 A.3d 664 (Pa. Super. 2018); *see* Pa.R.E. 613(c)(1). A prior consistent statement must meet both timing requirements to be admissible.

Here, the Commonwealth introduced the journal entry during the Victim's direct examination, not during re-direct examination or rebuttal. N.T. Trial, 6/27/18, at 80-88. Therefore, the statement was introduced in anticipation of impeachment. Notably, in defense counsel's opening statement, he asserted that children say "things that [are] not true," are "easily influenced," and "continue with a fabricated story." N.T. Trial, 6/27/18, at 41-42. Accordingly, before cross-examination, it was relatively clear that defense counsel planned to "focus on the impeachment of the witness," and thus, the introduction of the journal entry on direct-examination met Rule 613(3)'s first timing requirement. *Cook*, 952 A.2d at 625.

Nonetheless, the creation of the Victim's journal entry did not predate the alleged motive to lie. At trial, defense counsel argued that, from the outset, the Victim was operating under an improper influence. Specifically, counsel alleged that the Victim's mother encouraged her to accuse Appellant of the sexual misconduct.[6] N.T. Trial, 6/27/19, at 124. The statement offered

---

[6] During cross-examination of the Victim, the following exchange occurred:

Question: All right. Now, you love your mom. Correct?

J-A21030-19

by the Commonwealth does not precede the asserted motive to fabricate. Therefore, Rule 613(c) cannot save the trial court's ruling.

Even though the trial court erred in admitting the journal entry, we must determine whether the error was harmless beyond a reasonable doubt.

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

_____

> Answer: Yes.
>
> Question: And you would do anything for her, wouldn't you?
>
> Answer: Yes.
>
> Question: Yes?
>
> Answer: Um-hum.
>
> Question: You wouldn't lie for her, would you?
>
> Answer: Never.
>
> Question: Okay. Did your mom tell you to lie?
>
> Answer: No.
>
> Question: Did she tell you to tell this story?
>
> Answer: No.
>
> Question: Tell the jury, ladies and gentlemen, did this whole thing really happen young lady?
>
> Answer: Yes.

N.T. Trial, 6/27/19, at 124.

***Commonwealth v. Chmiel***, 889 A.2d 501, 521 (Pa. 2005), *quoting*

***Commonwealth v. Robinson***, 721 A.2d 344, 350 (Pa. 1998)). Furthermore:

> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. If there is a reasonable possibility that the error may have contributed to the verdict, it is not harmless. The burden of establishing that the error was harmless rests upon the Commonwealth.

***Id***. at 528–29 (citations omitted).

The Commonwealth argues that the prejudicial effect of the admission of the Victim's journal was *de minimis* "compared to the other evidence introduced to establish [Appellant's] guilt." Commonwealth's Brief at 17. Additionally, it contends that the Victim's journal entry was "merely cumulative of all other testimony provided by the [V]ictim and other witnesses." ***Id***. We agree.

In this case, the trial court only permitted one sentence of the Victim's journal to be admitted into evidence. The sentence merely stated: "I was assauted [*sic*] by somebody." Commonwealth's Exhibit 2. Importantly, this was admitted after the Victim provided detailed testimony regarding the incidents with Appellant and did not introduce additional information that the jury had not heard previously. It does not even identify Appellant as the individual who assaulted the Victim. Therefore, the trial court's admission of the journal entry constituted harmless error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/28/19</u>